SPRIGG vs. NEGRO MARY.

APPEAL from *Frederick* County Court. The present was a petition for freedom. Plea, the general issue.

1. At the trial the petitioner, (now appellee,) gave in evidence, that she was the slave of *T. Sprigg*, of *Frederick* county, in this state. That *Sprigg*, during all his life, was a citizen of this state, and died in the state in July 1810. That *Esther*, the mother of the petitioner, was born in the state the slave of *Sprigg*, and was held by him in slavery in the state until 1804, in the fall of which year he suffered her to be carried to *Washington* county, in the District of *Columbia*, by one *C. Herstons*, and that she continued there, employed by and residing with *Herstons*, for two years, when she was sent back to *Frederick* county by *Herstons* to *Sprigg*, and continued to reside and be employed in *Frederick* county by *Sprigg* until his death. That *Esther* never was hired or otherwise employed in the District of *Columbia*, until the year 1804. That *Mary*, the petitioner, was the child of *Esther*, and was born in the District of *Columbia*,, while her mother was there as is herein before stated, and returned with her mother, and continued with her ever since in *Frederick* county. On these facts the defendant prayed the opinion of the court to the jury, that the petitioner was not entitled to her freedom. The Court [*Shriver* and *Nelson*, A. J.] refused to give this opinion; but were of opinion, that if the jury found the said facts to be true, the petitioner was entitled to her freedom. The defendant excepted.

2. The petitioner then produced a mulatto man named *R. Shorter* as a witness, whose mother was a black woman. To the swearing of this witness, the defendant objected. It was then proved to the court by the evidence of *R. Brooke*, esquire, (an attorney of the court,) that *Shorter* was sworn as a witness in *Frederick* county court, in a cause of *Nelly Shorter* against *Jason Phillips*, a white christian man. The record of that cause was also produced, by which it appeared that *Shorter* was sworn in the said cause on the part of the said *N. Shorter*. *Brooke* also proved, that the mother of *R. Shorter* was a black woman, but that she was free, having been one of the *Shorter* family who had claimed their freedom, and obtained it, on the ground of their being descended from a white woman.

---

*Margin note:*

1814. DECEMBER.

Sprigg vs Negro Mary

Where the mother of a petitioner for freedom was born in this state the slave of T S, and was held by him in slavery until 1804, when he suffered her to be carried to the county of Washington, in the District of Columbia, by C H, where she continued employed with C H, for two years, when she was sent back to this state to T S. The petitioner was born in the county of Washington, in the District of Columbia, while her mother was there, and brought with her mother into this state, and has continued here—Held that the petitioner was entitled to freedom

A free mulatto man, whose mother was a free black woman, but descended in the female line from a white woman, was permitted to give evidence, in the case of a negro petitioning for his freedom, against a free white christian

A negro slave belonging to an infant under the age of 16, and brought into this state subsequent to the act of 1796, ch 67, by the father and natural guardian of such infant, is not entitled to freedom

He also proved, that *R. Shorter* was at liberty and free, and that it was generally reputed that he was descended from the said *Shorter* family, and from a free white ancestor on the female side. The petitioner also produced to the court a certificate given by the clerk of *Frederick* county court to the said *R. Shorter*, certifying that he had recovered his freedom, in that court, of *T. Sprigg*. She also produced the docket entries of that court, showing that a petition for freedom was filed by *R. Shorter* against *T. Sprigg*, and that on the trial thereof, a verdict that he was free, was given for the petitioner, on which a judgment was entered on the 2d of December 1795. The original petition of the said *R. Shorter* was then searched for by the clerk of the court, but could not be found, being either lost or mislaid, and no record made of it. The defendant still objected to the competency, as a witness, of *R. Shorter*. The defendant was a free white christian man. But the court overruled the objection, and *R. Shorter* was examined as a witness. The defendant excepted.

3. The defendant then offered in evidence, that in the year 1804, and before the mother of the petitioner was carried to the district of *Columbia*, *T. Sprigg* came to the house of *C. Herstons* in *Frederick* town, and said to him, I have given *Esther*, and her children, to *M. Herstons*, who was then an infant of about five years of age. That *Esther*, and her children, were then at the house of the said *C. Herstons*, the father and natural guardian of the said *M. Herstons*, and were then left in his possession by the said *Sprigg* as the property of *M. Herstons*. That *C. Herstons* held and possessed the said negro woman, and her children, for *M. Herstons*, as her guardian, from the time of the said gift, and as her guardian carried the said *Esther*, and her children, to *George* town, in the district of *Columbia*, and continued to hold her there for *M. Herstons*, for about two years, when he returned her, and her child, the petitioner, to the said *Sprigg*, in *Frederick* county in this state, where *Esther* and her child have continued ever since. That the petitioner was born after the aforesaid gift, and while her mother was so possessed for *M. Herstons*. That *M. Herstons* is still an infant under the age of 16 years. The petitioner then prayed the court to direct the jury, that if they were of opinion from the evidence, that the petitioner was born out of this state, and

brought into the state subsequent to the passage of the act of 1796, *ch.* 67, that she was entitled to her freedom, even if they found the facts last above stated to be true. This opinion and direction the Court, [*Nelson*, A. J.] gave to the jury. The defendant excepted; and the verdict and judgment being for the petitioner, he appealed to this court.

<div style="text-align: right">

1814.

Sprigg
vs
Negro Presly

</div>

The cause was argued before CHASE, Ch. J. and BUCHA-NAN, NICHOLSON, EARLE, and JOHNSON, J.

*Shaaff*, for the Appellant, referred to the acts of 1802, *ch.* 68; 1813, *ch.* 56; and 1796, *ch.* 67, *s.* 7; and *De Ker-legand vs. Negro H. ctor*, 3 *Harr. & M'Hen.* 185.

*Magruder*, for the Appellee.

THE COURT concurred in the opinions of the County Court in the *first* and *second* bills of exceptions, but dis-sented from that in the *third* bill of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

SPRIGG VS. NEGRO PRESLY.

<div style="text-align: right">

DECEMBER.

</div>

APPEAL from *Frederick* County Court from a judgment on a petition for freedom. The general issue was pleaded.

1. At the trial the petitioner, (now appellee,) offered in evidence, that he was the child of a mulatto woman named *Esther*, who was the slave of *T. Sprigg* of *Frederick* coun-ty, who during all his life-time was a citizen of this state, where *Esther* was born his slave, and continued to be held by him in slavery until 1804, when the said *Sprigg* suf-fered her and her child, the petitioner, to be carried to the county of *Washington*, in the district of *Columbia*, by one *C. Herstons*, and that she and the petitioner continued there, employed by and residing with *Herstons* for two years, when they were sent back to *Frederick* county by *Herstons*, to the said *Sprigg*, with whom they continued to reside, and to be employed by him until his death in

<div style="float: right; width: 30%; font-size: smaller">

A petitioner for freedom, being the slave of T S of this state, was, when about three years of age, carried with the permission of T S to the county of Washington, in the district of Columbia, by C H in 1804, where he continued employed by, and residing with C H, for two years, when he was sent back to this state to T S, with whom he continued to reside and to be employed until the death of T S in 1810—Held, that the petitioner was entitled to free-dom

E H deposed, that she hired Esther, the mother of the petitioner for freedom, from T S in 1810 for one

</div>

year, who informed her he intended *Esther* for M H, and after the death of T S she paid the wages to C H, who brought an order from the defendant, which order was expressed to be for the use of M H. That at the time of E H hiring *Esther*, on her advising T S to hire *Esther* to her husband, who was a free man, he objected, and said he had no thought of hiring her to any body, but he would talk with Mrs. S, and if on consulting her she thought it advisable, the witness might have *Esther*, and a few days after the defendant informed her she could have *Esther* for $24 per year—*Held*, that the testimo-ny of E H was admissible.

If a negro slave was in possession of C H, and whilst so T S, the master of the slave, verbally gives the slave to M H, the daughter of C H, then an infant of four years old, and left the slave in the pos-session of C H, for the use of M H, and C H kept possession of the slave for the benefit of M H, then such verbal gift is sufficient to transfer the property in the slave to M H, without any other delivery